Good morning, Your Honors. Thank you. May it please the Court. My name is Elena Taylor and I represent the petitioner, Ms. Blanca Cabrera-Suchite. Remand is warranted in this matter for two primary reasons. First, this Court's recent precedent in Moons v. Garland requires remand as to the petitioner's motion to reopen for consideration of her application for cancellation of removal. The government cannot and does not dispute that the Board of Immigration Appeals applied the incorrect standard to Ms. Cabrera's motion to reopen as a applied matter of COALHO v. matter of LOG. The government simply states this does not matter. However, this is unavailing as a single board member applied matter of LOG and would have remanded the case. The second primary reason that remand is merited as the Board of Immigration Appeals abused its discretion by engaging in improper fact-finding when deciding Ms. Cabrera's motion to remand for consideration of her asylum application under a change in case law that happened during the processing of her appeal. As to the first issue, this Court recently decided in Moons v. Garland that the Board of Immigration Appeals abuses its discretion when they apply matter of COALHO v. matter of LOG to motions to reopen and removal proceedings as a generally applicable standard without explanation. In matter of LOG, the Board of Immigration Appeals explained that the generally applicable standard to apply to motions to reopen is whether the evidence provided demonstrates a reasonable likelihood of success on the merits, such that a merits hearing is worthwhile in the matter. What is the exact problem that you're complaining about with respect to the BIA? In the Board of Immigration Appeals majority decision, the Board of Immigration Appeals applied matter of COALHO holding the petitioner to what they state is a heavy burden to establish that the outcome would have been different based on the evidence provided. Rather than it seems, I'm surprised that more attention wasn't devoted to the actual merits of your asylum claim or your cancellation of removal claim. It seems to me that the Board repeatedly cited to the IJ's record when it looked at the case. The whether they were a member of a particular social group was the reason for the persecution. The board cited to the new partner to say no, this is not a particular social group. And then on the question of safety, safe relocation, the board cites to the petitioner living apart from Gerson, Rudy, and Merlin without incident. And then the question as to whether Guatemalan authorities were unable or unwilling to protect. Again, the board cited to the restraining order that the Guatemalan authorities had issued. So I don't understand, it seemed to me looking at the record as a whole, that there was no question that the IJ was the fact finder here. And the question is, is in some way the IJ's fact findings were not supported by substantial evidence or were clearly erroneous. But to say that the board engaged in improper fact-finding would be odd because this is the very kind of review that we conduct all the time on the Court of Appeals. Well, Your Honor, the immigration judge did note in his decision that the applicant, Ms. Cabrera, was in a relationship with her partner and that she suffered abuse as a result of this relationship. The immigration judge decision goes into these findings but ultimately finds only as to nexus towards a particular social group presented at trial, which was family of the partner. But isn't the thrust of your argument that the immigration judge got it wrong rather than that the board engaged in improper fact-finding? Your Honor, the thrust of the argument is that the applicant, the petitioner in this detail, was not given the opportunity to present the particular social group related to her partner given a change in case law that happened on appeal. Basically what you're saying is because the case law changed, the analysis changed. Yes, Your Honor. The case that changed was matter of AB, was an attorney general decision that stated blanketly that domestic violence related claims generally do not qualify for asylum protection and that the articulated particular social groups in these cases are defined circularly. Basically they're defined by the harm and therefore they're not cognizable. As that was the binding case law at the time, the petitioner did not present a domestic violence related claim to the immigration judge. But your client's claim for the immigration judge was asked to the brother, not asked to the partner. Is that correct? Exactly, Your Honor. So I'm trying to understand your argument there. It was not before the immigration judge. That is correct, Your Honor. So the immigration judge couldn't have engaged in findings of fact relating to this particular social group because it wasn't presented given that it was foreclosed by binding case law at the time. Aren't you in a sense trying to have it both ways, essentially saying that because as I understand the law, and this is not my area, you're a whole lot smarter than this than I am, but the way I understand it is that there's a sort of bifurcated analysis. The BIA cannot make its own factual determinations, but according to the Chavez case, the alien must establish a prima facie case which then generates some degree of fact finding. Would you agree with that? Yes, Your Honor. The Board of Immigration Appeals is of course allowed to exercise judgment and make some sort of findings as to prima facie eligibility for relief. Essentially requires them to sort of make some sort of factual analysis. I'm As to the prima facie case, yes, Your Honor, that is fair to some extent. For example, in the case of the motion to reopen to consider the petitioner's application for cancellation of removal, the Board of Immigration Appeals of course has to assess general reasonable likelihood of statutory eligibility, which of course requires some level of factual analysis for the petitioner to I think if the law had not changed in the interim, the petitioner would be in more trouble for not raising this argument below. So as to the findings of fact though, the petitioner wasn't able to present these arguments to the The problem I'm still having is I don't understand the view, I'm not sure I understand your view on the merits. If we look at it as an asylum case, the asylum statute sets forth certain particular grounds for persecution. One of those group. And so there's a question of whether the individual was a member of a particular social group when her ex-boyfriend had found a new partner. And then there's a question of even if you find that there's a member of a A lot of the record seems to suggest that any sort of persecution was a result of a drunken binge or private domestic discord or what have you. But on both grounds, whether you're a member of a group and is there a nexus to the persecution, I don't understand the case on the merits. And with respect to the of cancellation of removal, I can understand the sympathetic aspect of that to be sure. But I'm not sure how that squares up with Congress's requirement of an exceptional and unusual hardship due to the separation. So you bring up all these things about process, but I'm just not sure what the ultimate case on the merits is, whether we're looking at an asylum claim or whether we're looking at a cancellation of removal claim. I'm not sure how you get there. Your Honor, first as to the asylum claim, the immigration judge in his decision noted that the petitioner suffered harm during her relationship. The analysis as to past persecution and membership in a particular social group, of course, membership is a factual finding. If the petitioner was able to leave the relationship later but suffered harm during the relationship, suffered abuse during the relationship, that doesn't negate her membership at the time of the Rather, it goes to rebutting a well-founded fear of future persecution as it could establish that she was able to leave, that there's a fundamental change in circumstance. But if she has established past persecution, it then becomes the government's burden to rebut her well-founded fear of future persecution. And as a result, the Board of Immigration Appeals engages in doing the government's job basically by rebutting her well-founded fear. However, in addition to that, for an asylum claim, there's also humanitarian asylum, which applies if the past harm was so severe or the petitioner would have suffered other serious harm upon return to the country. And that can be granted without regard to well-founded fear. So as a result, there needs to be the immigration judge finding as to her asylum claim because the Board of Immigration Appeals basically engages in rebutting her past persecution that the judge noted and then not giving her the opportunity to present a potential humanitarian asylum claim, which could apply regardless of the well-founded fear. As to her motion to reopen for cancellation of removal, cancellation of removal does require a showing of exceptional and extremely unusual hardship. But at this stage, all that is required under a matter of LOG is a showing of a reasonable likelihood that a merits hearing is worthwhile to actually discuss the merits of the case. She isn't required to prove her merits case at this point. She only needs to demonstrate this reasonable likelihood that she could, at a merits hearing, establish an exceptional and extremely unusual hardship. What exceptional, extremely, extreme hardship do you believe that she might suggest at a subsequent hearing? Your Honor, I think that the documentation that she provided shows that her daughter is suffering from severe anxiety that requires her to be picked up from school, which is beyond the norm for, I believe, a seven-year-old child to be having panic attacks such that she needs to be picked up from school. This shows a basis for this exhaustive review of her newfound complaint. Your Honor, I do believe that the evidence she provided shows a reasonable likelihood that it's worthwhile to explore this further on the merits. I don't mean to cut you off, but I'm going to let you go through your analysis. Are you able to cite to any case that suggests that the circumstances of a familial relationship not applicable to the abuse that she's supposedly suffering is a basis for that individual remaining in this country? I'm sorry, Your Honor? In other words, what you're suggesting is that the daughter's circumstances provide a basis for your client to make her claim under the appropriate statute. Are you able to cite any cases that recognize that particular circumstance as an ability or prerequisite to allow a person to proceed? Your Honor, in the Board of Immigration Appeals decisions on cancellation of removal matter of Racines, for example, the Board of Immigration Appeals analyzes these applications that are based on having a qualifying relative that would suffer exceptional and extremely unusual hardship. In a matter of Racines, the Board of Immigration Appeals specifically stated that cancellation of removal is not so restrictive such that only individuals that have family members with severe medical conditions would be eligible for this relief, that nobody else would be eligible for it. We would look to matter of Racines where the Board of Immigration Appeals also explained that it's a totality of the circumstances approach. The petitioner in this matter provided not only evidence about her daughter's severe anxiety, she provided school records, she provided financial records. So it's your position that by their conclusion the BIA engaged in improper fact-finding, they should have sent it back to the immigration judge on the merits to determine a cancellation of removal? Yes, Your Honor. They should have sent this back to the immigration judge and my time is about to expire so I want to leave us with the fact that it's not just us saying this. A dissenting board member on the Board of Immigration Appeals also agrees with our position that the case should have been remanded for a hearing on both the cancellation of removal application and consideration of a Tirrini case law. Thank you. Good morning. May it please the Court. I'm Richard Zanfardino here on behalf of the Attorney General. So, unfortunately I have to use my cheaters a little bit here. The board neither engaged in fact-finding where it relied on facts determined by the immigration judge nor did the board abuse its discretion where it accepted facts proffered to it as part of the motion to reopen. There's two different new trials that, essentially new trials of their hearings, but they were sought here. The first was a new over on asylum. I applied for asylum one way. I would like to apply for asylum a different way and the board relied on the facts deduced by the trial level judge initially. The second motion was motion to reopen for cancellation that came as part of what's why we have two decisions in this case saying send this case back. I'm eligible for cancellation. The board accepted petitioner's facts but found a lack of statutory eligibility. I want to touch first on the Would it have been more appropriate for the board to send it back on the merits on a cancellation for the for the IJ to consider because the board goes the board does go into this you know is saying what's what's sufficient what's not sufficient and I believe in the in the record there's affidavits from from and her partner is her current partner carbara sorry the current partner and a current party yes both saying that the child has been taken to a primary care doctor is being referred to a psychologist has upcoming appointments for treatment and diagnosis wouldn't have been more appropriate before the IJ then the BIA in terms of fact-finding on the merits well your honor they accepted the facts first of all but next of all this is at a motion stage and the Supreme Court in a voodoo has said the motions are disfavored so it's really it's incumbent on the move on to make certain things clear and and the Supreme Court has said there's basically three conditions where you can essentially prove out your case on a motion despite it being disfavored in the immigration context the first is is the motion regular is it has it properly been does it comply with the regulations second did you make out statutory eligibility and third discretion which is where the elegy and coelho fight obviously kicked in but the board leads off this paragraph with very important points saying literally I think they start the sentence off with the word but saying but prima facie eligibility is still paramount you still have to show statutory eligibility matter of elegy and there's I'm gonna talk it's my question because they have these two affidavits and so they're weighing the affidavits and they're saying that we showed a prima facie based on these two affidavits it said that the child is having to be treated by a doctor we're taking a child to a psychologist a psychiatrist upcoming appointments in day and so there but it just seems as if that may be more appropriate for the fact finder that the IJ rather than the BIA well again your honor it might very well have been appropriate if you're an immigration court and you and and metaphorically if the petitioner in the case was an applicant saying here your honor I'm applying for cancellation of removal and the immigration judge might have a bit of a skeptical I saying well you're aware of the of the so-called big three decisions I'll get to those are just a follow-up on judge Benjamin's question the elegy case has some very interesting language in it and I'd like to read it and give you an opportunity to respond it says we're an alien is seeking previously unavailable relief and has not had an opportunity and I'm stressing the word opportunity to present her application before the immigration judge the board will look to whether there's sufficient evidence profit to indicate a reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing in other words it seems to suggest that the default is to go back and see if that evidentiary record can be developed and giving the individual an opportunity not saying they're gonna win but an opportunity to develop that record right right and that Maribel OG presumed that we've demonstrated statutory eligibility it also presumed in that decision it recognized that prima facie eligibility there's no bright line rule about that that every case is different you have to look at the facts of every case and in LOG they said we think this is prima facie eligibility the rub there is that that was under suspension of deportation and if I could just take a quick moment to try and explain under suspension of deportation that lasted from roughly 1962 to 1996 and this is the board's terminology it required only extreme hardship I don't mean to denigrate into that but that's what they said was only extreme hardship Congress stepped in 1996 and by the way when you apply for suspension of deportation and you needed to show only extreme hardship it was to me the applicant and then any concomitant hardship that would come up you could you could build your case that way Congress stepped in 1996 and said no no the standard is now exceptional extreme unusual hardship and in matter of LOG your honor they actually differentiate because the old I'm getting very inside baseball here but but in the old suspension statute there was extreme hardship but there was a second level of hardship called exceptional and extremely unusual hardship that was reserved for individuals with criminal history security threats certain fraud convictions then it would kick up you'd have this heightened scrutiny to steal phrase if there's an incomplete record here whose fault is that it's the duty at the at a motion stage for the move on to prove out their case the motion motions are still disfavored according to the Supreme Court are you making the argument that the individual had the the thing that had the opportunity to supply the facts that we are now saying should be that they're now asking should be remanded for they not only had the opportunity your honor they once once matter of LOG came out little did that panel know three months later Congress would enact IRA so as they're discussing the suspension standard and twice at least twice in the LOG decision they say look it's not like this is an extra exceptional stream unusual hardship case they differentiate saying it's not one of these it's just except extreme hardship three months later Congress passes IRA that has this that the standard that was formerly reserved for criminals fraudsters security threats is now de rigueur it's now for everyone that you have to show that it's beyond the norm so what the board does is they seek to help individuals and say all right let's help you understand what exceptional extreme unusual hardship is and the issue what is sometimes colloquially known among immigration practitioners as the big three there's matter of Montreal and these are in the red brief by the way of some of the facts but there's matter of Montreal comes out and says the facts are quite these cases always of course stir your heart but these numerous causes where is going with respect to the ultimate merits of either an asylum or a cancellation of removal claim well a move on is aware of all the various big three matter of JJG they're where these cases are out there and so when they present a motion they're trying to fit within those standard of those cases they're trying to say this is why my case fits in matter of her seniors opposing counsel mentioned matter of her seniors earlier that's the one case where the board said this is a victory for the applicant but for that case that was a single mother of six children four of whom were born in the United States she had no family in Mexico all of her family members were who were immediate family members were in the United States lawfully and the board in that case you're saying that their strongest case is materially different yes sir from what is before us that's a more efficient way that I was going about it but yeah that deals with the cancellation of removal point yes sir but what about the asylum point and the is there what about the Nexus Oh what about is there a protected group that can be alleged here and is there a Nexus from the protected group to the persecution no your honor and I would point out the the petitioner did advance an asylum claim based on the partner originally it's in the actual asylum application in fact I was just gonna if you note page forgive me so first of all she's waived any claim about the two brothers essentially anything to do with asylum in the two brothers they've they've given up the any claim about those when they filed a motion to remand to the board they did it as a fait accompli this is for a new trial essentially this is at this is at the board level the they say a B has been taken away Attorney General Sessions decision in a B has now been eradicated by Attorney General Garland if we have to remand there should be there should be a reason for the remand ultimately it might result in some success is there what is the reason for the remand here it would be futile to send back which is what the board pointed out relying on the facts that were were laid out by the immigration judge but I guess what I'm just trying to point out to your honor and to the panel is that when they filed the motion for the new for the new they said essentially matter of a B has been has been erased it falls back to ARCG but the requirements for a motion to remand which are essentially motion reopen are to spell out your case why do you win why is this worth sending back and they'd simply said a B has been erased send it back please argument that the that because a B that she would have originally fouled a claim but she couldn't because of the matter of a B and now that it's been vacated this intervening case law she should have an opportunity to foul for asylum based on the the former partner right your honor if you notice page 374 that's actually page 374 of the record is there a some application where petitioner does say by the way my former partner persecuted me they they actually raised her in fact her mother's affidavit was almost more about the former partner than the two brothers there's a colloquy as well between in other words what we're saying is you had the opportunity to preserve because petitioners counsel below felt very well to go to the trial judge and say your there's a new attorney general decision out it's difficult because first of all they didn't allege a protected ground apart from ARCG in the original motion reopened which is what the board was left with the board was left with nothing specific the question I was raising is because I don't know where it's going on the merits the question I was raising was is there a protected ground and secondly is there a nexus is there is there a reason to believe that a remand would demonstrate the presence of a protected ground or the presence of a nexus and is and with respect to cancellation of removal is there any reason to believe that there's an exceptional and unusual hardship because that standard is phrased in the conjunctive and Congress made it hard to justify so the question I have is we can say what you had you know you should have an opportunity to do this an opportunity to do that and I understand that but there has to be some reason for remand and there has to be some reason to think that this would eventuate in a meritorious asylum claim or in a that's what I'm having trouble looking at I'm having trouble envisioning the endgame the board has I am your honor the board had the same difficulty and we have the same difficulty the board had the same difficulty envisioning how they could have a meritorious claim under either application because the board cite and said you you've you've incorporated ARCG without actually saying what the base of your song claim is so then the board says the relationship no longer exists you were able to move 20 minutes away and did not experience harm we the board are aware of the panoply of cases including Racines that says this is what it takes to make out a meritorious claim for cancellation of removal not for basically what you're saying that there's a two-part inquiry that must take place here that your case is stronger on the cancellation of removal claim but the asylum claim is probably the more attenuated basis for your argument because of the intervening law and the circumstances that may or may not be considered which would support an asylum claim potentially your honor the the rub there though is at pages 302 to or sorry 303 to 306 prior counsel below actually was in extended colloquy with the trial level with the immigration judge forgive me about an attorney general's decision it's not matter of a be though the attorney the immigration judge never cited matter of a be so when they came back to the board and said because of a be you must remand this case but the immigration judge never employed it the decision they were talking about during that colloquy was a different attorney general's decision called matter of lea which has to do with the definition of a family and so the lawyer in that circumstances we're put at a disadvantage because attorney general's positions and opinions change over time different attorney generals come in different standards of review and we have to sort out what the standard of review is at this particular time well in that case yes although at least in that case petitioners counsel in that case felt well enough to preserve and say we infected the truck the trial level the immigration judge said what do I do about this I've got the Fourth Circuit's Cruz versus Sessions case that's here you're saying that I should we have matter of lea matter of lea by the way came out one of the last couple days of July this hearings held like September 3rd and they're referring to the attorney general's decision that came out a couple weeks earlier no one actually ever says lea no one definitely says that matter of a be during the during the entirety of the process but they're laying out how do we build this case in fact the point of the colloquy was even the immigration judge was discussing with the parties saying metaphorically pointing saying well DHS you say there's no particular social group applicant you say there is a social group that was with an eye towards does this case get submitted essentially on the merits without testimony that was when the DHS brought up and said well at page 689 the applicant said she had no fear of return to to Guatemala so maybe we there may be a credibility issue here your honor we'd like to hear the whole case out and so they went ahead and they did so petitioner come and say she was precluded when she had the opportunity to raise and say I have a problem with this case we'd like to preserve our opinion we know sir we know as much as attorney generals change their decisions some circuit courts disagree with attorney generals and they say we're gonna we think it ought to be this so the advocate again we soften don't deal with pragmatism and we're making determinations but from a pragmatic standpoint what is lost by allowing this record to be developed on remand your honor the the motions as the Supreme Court has point out are disfavored they have you have to actually build up a case and the motion to remand in this case which we do commend the panel to re-review at page 213 216 but the government didn't oppose the motion to remand right it for the motion to be I they did not oppose the motion to remand they did they did not file an opposition honor but as petitioner has cited to two or two issues on that they've cited the policy met I'm gonna they're gonna sound the same acronyms but policy memo and practice manual so I'm when I refer to PMS but they cite them in completely however the practice policy memorandum was one of these matters that the the immigration agency itself put out this policy memorandum that for lack of a better phrase essentially says work smarter not harder but the petitioners have left out the disk the reserving language at the end of that memorandum that says nothing in this p.m. policy memorandum not practice manual is intended to replace the application of case law regulations individual cases or the individual judgment of individual judges and appellate judges with the practice manual the board likewise points out in their practice manual that was not cited by petitioner that even if something comes in with an opposition that the board can still deny a motion for the same reason for instance that circuit courts are essentially advocates don't bind tribunals so if two advocates come in and say we have an unopposed motion to waive oral argument and the court may wish to hold our argument anyway it's going to hold our argument the two advocates may come in and say this is an unopposed motion to remand some circuit courts will deny those and say we're still going to consider the case because advocates don't bind the parties and the board's policy sorry practice manual points out that they have the power to do that even with an unopposed motion for petitioners to rely on the policy memorandum especially with the language at the end that says that it's not intended to substitute for the individual judgment of judges including appellate court judges on individual cases and apply regulations five facts to regulations so yes of course in certain cases they may be a matter of saying well the two parties aren't fighting over something off we go was let it happen but if the two parties have come in and the board recognizes and says there's a fundamental flaw here there's a fundamental flaw for instance statutory eligibility has not been asserted we know about matter of Monterey all we know about matter of Vandizola what we reversed and I think I interrupted you answer judge Austin's question about what's the harm in sending it back to the IJ for the IJ to look at the intervening case law in this case so the the Supreme Court has pointed out how disfavored these cases are because they extend delays when that policy memorandum I referred to came out the backlog was like one point something million it's now 3.7 million of cases so the government has an interest in having cases come to a close especially where an advocate below had the opportunity and used the opportunity to preserve other arguments in the case the applicant actually cited her abuse by her former partner so did her mother's affidavit the Clinton but as to the cancellation of removal she didn't have the opportunity to preserve that argument below right you're right except that's where the board stepped in and said as a matter of statutory eligibility which is a legal question the board referred to and I want to point out matter of JJG and their decision matter of JJG cites what I was referring to earlier is the big three I didn't get to really explain all three but matter of JJG cites the original big three that was a response to matter of JJG was created because after 20 years of only having one case where an applicant one applicants were all trying to fit themselves into the Racine is category where that the applicant one and matter of JJG came out as a response to that and saying if you're going to allege illnesses infirmities problems you need to from as my teenage would say bring the receipts you need to you need to lay it out and in one of the cases for JJG that published case was anxiety in that case it didn't say you have to show hardship did you have to have a actual diagnosis does it in I'm sorry I don't know does it say you have to have an act because that's what the BIA they said well she didn't have a diagnosis the child doesn't have any diagnosis even though they had these affidavits that the child is undergoing all of this the BIA I think it's on j8 for they said that she does not have any presenting the evidence specific to her daughter with regard to negative impacts and then they go on and say because she doesn't have a diagnosis so matter of JJG does require certain diagnoses because what they're trying to do is prevent for instance dr. Google so a parent stepping in saying oh my child has this this and this but that's a parent saying it they they're relying on on professionals to step in and say this is substantiating because people had been spending 20 plus years trying to fit into that particular bucket I apologize to the court I want to be responsive I realize I for the time with that we respectfully request the court would deny both petitions for you thank you miss Taylor you have some rebuttal time thank you again your honor has made plays the court um I want to start as to the petitioners motion to remand for her asylum claim first for the first time at oral argument the government faults her and states that she had this opportunity to raise it below and in her asylum application it's clear that in the hearing this wasn't considered by the court and the agency is bound by the decision of the Board of Immigration Appeals which doesn't fault her for failing to raise this previously the Board of Immigration Appeals simply goes to the merits of the case now as to the merits of her asylum claim which I understand is a particular concern for the court the prongs for an asylum claim require a finding of either past persecution or well-founded fear of future persecution on account of a particular social group this requires that harm to rise to the level of persecution and that it's on account of a protected ground here a particular social group well she's established a cognizable particular social group under the Board of Immigration Appeals own precedent in matter of ARCG which the Attorney General reinstated in AB 3 as good law so therefore she has a cognizable particular social group under the law in addition the immigration judge found that she suffered harm due to this relationship that it was from her partner there is no clear finding as to whether that harm rises to the level of persecution and the immigration judge didn't make findings as to whether or not the partner was motivated by that particular social group but the fact is that the judge did find she found she experienced harm in the relationship and these are factual findings of the immigration judge should be allowed to make in the first instance as to an addition for an asylum claim you need to demonstrate that the government of your home country is unable and unwilling to protect you and the dissent and the Immigration Appeals recognizes that the board of the immigration judge did not make findings of fact on unable or inability or unwillingness to protect their applicant the immigration judge goes through the court order of protection against the brothers in the context of her convention against torture claim finding that there was no acquiescence which is a higher burden to establish than government inability and unwillingness to protect and the dissent them like recognized that the immigration judge didn't make these in the first instance and should be afforded that opportunity and finally ability to relocate again is something that the immigration judge did not make explicit findings of fact he solely relied on nexus to the protected ground of the family of the partner due to the abuse from the brothers moving on towards the motion to reopen the government repeatedly states that motions to reopen or disfavored but this court has recognized that they're an important procedural protection in cases this court has mentioned that in moons that these are important so while they might be disfavored there's still an important protection in immigration proceedings further again as to as to this claim for cancellation of removal the immigration judge should be afforded the opportunity to analyze whether or not she merits that she's established exceptional extremely unusual hardship at the time of the filing of the motion to reopen not only did she allege the anxiety to her daughter she also noted that at the time she was pregnant with another US citizen the government faults her for the fact that the board has granted in cases where there are more qualifying relatives that maybe have higher level of hardship however in this case here she has established a prima facie showing that her daughter which suffer exceptional extremely unusual hardship because she's established that the daughter would suffer some sort of hardship beyond the norm it's not normal for a seven-year-old to have significant anxiety such that she gets picked up from school because she has panic attacks and this predisposition to anxiety would be further exacerbated by her mother leaving the country further in a matter of LOG which is directly applicable here because it's a new application for relief that was not previously able to be presented in matter of LOG as the government notes that case concerned suspension of deportation which basically is what cancellation of removal is today it's it's basically isn't the goal of all of these proceedings to have some degree of finality in other words we can't have individuals just coming up with new claims once they are denied there has to be a natural end to all process yes your honor but there's a 90-day limit to file motions to reopen that is required by regulations and the petitioner abided by that limit she filed her motion to reopen within actually 30 days I mean with that my time has expired thank you thank you we'll come down and greet counsel and proceed directly into her last case
judges: J. Harvie Wilkinson III, DeAndrea Gist Benjamin, Rossie David Alston Jr.